CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 05 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRYL WAYNE MORELAND, JR., | ) | Case No. 7:10CV00148 |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| GENE JOHNSON, DIRECTOR, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Respondents. | ) | |

Petitioner Darryl Wayne Moreland, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Moreland challenges the validity of his confinement pursuant to the September 2009 judgment of the Circuit Court for the City of Lynchburg under which he stands convicted of burglary and grand larceny.[1] Upon review of the record, the court finds that the petition must be dismissed without prejudice,[2] because petitioner has not exhausted available state court remedies.

Moreland alleges several claims of ineffective assistance of counsel. On the face of his petition, Moreland states that his direct appeal to the Court of Appeals of Virginia is currently pending on claims that the evidence was insufficient to support his convictions. He also states that he has not presented his ineffective assistance claims to any higher state court.

---

[1] For these offenses, he was sentenced, respectively, to three years, two years suspended, and two years, 18 months suspended.

[2] Rule 4 of the Rules Governing Section 2254 Cases provides that the court must dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . . ."

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies as to an ineffective assistance claim in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is clear that Moreland's present claims have not been adjudicated by the Supreme Court of Virginia. Moreover, because success on his pending appeal might moot his ineffective assistance claims, his appeal remedy must be exhausted before he can pursue his ineffective assistance claims in a state habeas petition so as to exhaust his remedies on his current claims as required under § 2254(b). Therefore, he has not yet exhausted available state court remedies, and accordingly, his petition must be dismissed without prejudice.[3]

---

[3] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). The federal filing period will not begin to run, however, while any properly filed state post conviction proceeding is pending (such as Moreland's current appeal and state habeas proceedings he may pursue thereafter). § 2244(d)(2).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 5th day of April, 2010.

_____
United States District Judge